## INJURY TO THE GUEST OF A MOTORCYCLIST.

Court of Appeals for Hamilton County.

ZUMSTEIN TAXICAB CO. v. DOROTHY RUMMEL.

Decided, July 6, 1916.

*Negligence—Collision Between Motorcycle and Taxicab—Young Lady on Tandem Seat Injured—Taxicab Attempts to Pass on Left Side of Standing Street Car.*

While the negligence of a driver of a motorcycle can not be imputed to his guest riding on the tandem seat, yet no recovery can be had against the owner of a taxicab, for injuries caused by a collision between the motorcycle and a taxicab at a street intersection where the only negligence of the latter consisted in its being driven around a standing street car on the left side, the right side of the street being obstructed by a voting booth on the corner, and the collision was caused by the failure of the motorcycle driver to observe traffic ordinance and not by any fault of the driver of the taxicab.

*Clore, Dickerson & Clayton,* for plaintiff in error.
*Jones & Hoover* and *G. A. Rummell,* contra.

JONES (O. B.), J.

This case grows out of a collision between a motorcycle and a taxicab on Reading road, opposite the end of East Ridgeway avenue. It occurred about 8 o'clock on the evening of July 24, 1913. The plaintiff was occupying the rear or tandem seat of the motorcycle as the guest of its driver. The occupants of the motorcycle were taking a pleasure trip and were proceeding southwardly on Reading road. The operator testified that for some distance north of East Ridegway avenue he ran upon the dummy-track in the center of the street between the two tracks of the street railway, until just before he reached the north line of East Ridgeway avenue, when he made a detour to the east line of Reading road with the intention of turning into East Ridgeway avenue to stop and blow up his tire. At about the con-

tinuation of the south line of East Ridgeway avenue near the
east curb of Reading road stood a closed voting booth, which had
been placed there by the election officers, and with its north end
directly in line with the north end of this voting booth stood a
northbound street car upon the east track of Reading road. The
operator of the motorcycle after turning toward East Ridgeway
reached almost the east line of Reading road when he changed
his mind and made a loop westward, passing north of the voting
booth and street car, to proceed to the west side of Reading
road. A taxicab of the defendant company had been traveling
along the street car track in Reading road behind the street car,
and being unable to pass to the right when the car stopped, be-
cause of the obstruction caused by the voting booth, passed to
the left of the street car along the center of Reading road, and
as it reached a point about opposite the south side of East Ridge-
way avenue and the north end of the street car it collided with
the motorcycle.

As a result of this collision plaintiff was cut upon the foot
and received what she claims to be a permanent injury. Plaint-
iff recovered a verdict and judgment below, and proceedings in
error are prosecuted here for its reversal.

The record shows but little dispute in the evidence as to
the respective positions of the vehicles upon the street. The
plaintiff herself testified, contrary to the operator of the motor-
cycle, that for some distance north of East Ridgeway avenue the
motorcycle traveled on the east side of the street not far from the
curb; but she agreed with the operator of the motorcycle that
just before reaching the south line of East Ridgeway avenue they
turned westwardly to the place where the accident occurred.

A portion of the traffic ordinance of the city of Cincinnati
was introduced in evidence, being in part as follows:

"Every person using any vehicle on any street shall operate,
drive or ride such vehicle on the portion to the right of the center
of the street, except the right side of the street is in such condi-
tion as to be impassable. A vehicle meeting another shall pass
on the right. * * * All vehicles when overtaking street cars
or interurban cars shall pass to the right and not to the left

when the car tracks occupy the middle of the street; provided that street cars may be passed on the left when the space to the right is occupied and the space to the left is reasonably clear.''

A careful consideration of the evidence shows that the driver of the taxicab operated his vehicle in accordance with the rules laid down in this traffic ordinance, while the operator of the motorcycle violated these provisions in that his vehicle was upon the east side of Reading road, being the left side to him, where under the traffic rules it should have been upon the west side, which was to him the right side of the road. And in undertaking to go from the east to the west side of Reading road, treating East Ridgeway avenue (which was not a continuous line across Reading road) as an intersection, he should have kept upon the right of the center line of East Ridgeway avenue; and had he done so he would have been a sufficient distance from the voting booth and the street car to have seen the taxicab and to have permitted its driver to see him, and thus the collision would have been averted.

While under the law of Ohio the negligence of the operator of the motorcycle can not be imputed to the plaintiff, who was his guest, still the injury having been caused, in our view, purely by his negligence and not by any negligence on the part of the driver of the taxicab, the defendant can not be held liable.

In the general charge the court, after stating the ordinary care required of all persons using the street, both as pedestrians and with all kinds of vehicles, used the following language:

''Now when an automobile is upon the street, under the traffic ordinance it has to follow a certain line of conduct. It must drive upon the right-hand side of the street. It must stop when street cars stop. If street cars stop it has the right to pass to the right of the street car and to the left of the driver of the automobile. In passing the street car it must exercise ordinary care under the circumstances.''

In this language the court undertook to lay down the requirements of the traffic ordinance so far as they apply to an automobile. Nothing is said in the charge as to the application

of the requirements of the traffic ordinance to the operation of a motorcycle, although they apply equally to automobiles and motorcycles.

It will be observed, from the words quoted in the charge that the court inadvertently failed to state the terms of the traffic ordinance applicable to the movement of the taxicab just prior to the accident. It lays down the rule that the taxicab "must stop when the street car stops." There is nothing in the traffic ordinance introduced in evidence, or in the record, to show that requirement. It also states: "if street cars stop it has a right to pass to the right of the street car and to the left of the driver of the automobile." It is not clear just what is meant by this language. But the court omits in its charge to refer to the provision of the ordinance "that street cars may be passed on the left when the space to the right is occupied and the space to the left is reasonably clear." The record shows that such was the condition at the time under consideration; the space to the right of the street car was occupied by the .voting booth, and the space to the left of the street car was reasonably clear. It was important that this condition should be referred to in the general charge and the defendant's rights thereunder stated. This part of the charge, therefore, did not clearly and properly state the law to the jury, but tended rather to confuse and mislead them, and constituted error to the prejudice of the defendant.

At the close of the general charge counsel for defendant called the attention of the court to the rights of the parties where there was an obstruction upon the right-hand side of the road and asked for a charge upon that point. The court, however, did not amend its charge or give any further charge as requested; to which counsel for defendant excepted. In this we find that the court committed error to the prejudice of the defendant below.

For the reasons stated the judgment is reversed and the cause is remanded for further proceedings.

JONES (E. H.), J., concurs.

GORMAN, J., concurs.

For the reason that the trial court in its charge to the jury apparently said in failing to properly state the rule of the road with reference to the taxicab, and also, in failing to charge the jury properly with reference to the rule of the road applicable to the motorcycle, which errors in the charge were prejudicial to the plaintiff in error, I concur with my associates in holding that the judgment should be reversed and the cause remanded.

But I do not concur in the conclusion of my associates that plaintiff's injuries were due solely to the negligence of the operator of the motorcycle. I think the record discloses that there was negligence on the part of the driver of the taxicab and also negligence on the part of the operator of the motorcycle, both of which negligences proximately conduced to cause the plaintiff's injuries, and under such circumstances plaintiff would be entitled to recover if it were not for error in the charge of the court.

Giving the evidence that aspect most favorable to the plaintiff in error, it appears to me that the injuries of the defendant in error were the result of the concurrent negligence of the driver of the taxicab and the operator of the motorcycle; and since the negligence of the operator of motorcycle can not be imputed to the defendant in error, his negligence would not be a bar to her right to recover.